IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CLARK,

    Petitioner,          No. CIV-S-02-0709 LKK KJM P

   vs.

EDWARD S. ALAMEIDA, JR.,     <u>ORDER AND</u>

    Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. section 2254. Petitioner challenges the execution of his sentence.

I. <u>Motion To File Supplement To Traverse</u>

        On October 27, 2003, petitioner filed a motion seeking leave to supplement his traverse with additional authorities. Good cause appearing, petitioner's request will be granted and the court will consider the information provided by petitioner in his October 27, 2003 motion.

II. <u>Exhaustion</u>

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

1

be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

It has come to the court's attention that petitioner has not presented the claims asserted in his habeas application to the California Supreme Court.[1]  Respondent has not waived the exhaustion defense.  See Resp't's June 23, 2005 Response To Court's June 20, 2005 Order.  Accordingly, the court cannot grant petitioner relief.  However, the court may deny petitioner's claims if it is "perfectly clear [petitioner] does not raise even a colorable federal claim."  Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).  See 28 U.S.C. § 2254(b)(2).  As discussed below, petitioner does not raise a colorable federal claim; the court thus will recommend that petitioner's habeas application be denied.

III.  Petitioner's State Convictions And Sentences

On December 13, 1983, petitioner was convicted of first degree murder.  He was later ordered to serve twenty-five-years-to-life in prison and ordered to serve two more years under California Penal Code section 12022.5.  The two year sentence was ordered to be served consecutively to the indeterminate sentence.  Answer, Ex. A.

On September 1, 1987, petitioner was convicted of assault with a deadly weapon by a prison inmate.  Petitioner later was ordered to serve life in prison without the possibility of parole for nine years.  This term was ordered to be served consecutively to petitioner's previous term.  Answer, Ex. B.

/////

---

[1] In his habeas application, petitioner asserts he exhausted his claims.  Pet. at 10.  However, none of the claims set forth in the application is presented in the petitioner's state Supreme Court "Petition For Review."  Answer, Ex. L.

Finally, on May 16, 1988, petitioner was convicted of possession of a weapon by an inmate. Petitioner was sentenced to two years in prison to be served consecutively to petitioner's 1983 conviction. Answer, Ex. C.

In Exhibit P attached to the Answer, respondent provides documents from the California Department of Corrections (CDC) indicating CDC has determined that the earliest petitioner will become eligible for parole is May 23, 2010. Answer, Ex. P at 3. The parties appear to agree that if petitioner were serving only the sentence imposed after his 1983 conviction, petitioner would have been eligible for parole in May of 2001; petitioner asserts he would have been eligible on May 24, while documents attached to respondent's answer suggest May 23. Answer, Ex. P at 2; Pet. at 11:3-21.

IV. <u>Petitioner's Argument And Analysis</u>

Petitioner argues his rights arising under the Due Process Clause of the Fourteenth Amendment have been violated because he has not been given a parole hearing relating to his 1983 sentence. Petitioner does not claim he could actually be paroled as a result of such a hearing if it were held now, nor does he present anything suggesting his total term of incarceration would be affected in any way by such a hearing.[2] Whether or not such a hearing occurs, petitioner still must serve the approximately five years remaining on his 1987 sentence before being eligible for parole.

The Fourteenth Amendment demands that due process accompany a deprivation of liberty. U.S. Const. amend. XIV. Petitioner has not alleged a deprivation of liberty with respect to his being denied a parole hearing concerning his 1983 sentence. Therefore he is not, under the Fourteenth Amendment, entitled to any process. Put another way, the Constitution

---

[2] Petitioner appears to argue that he cannot begin receiving credit for serving his 1987 sentence until he receives a parole release date with regard to his 1983 sentence. However, evidence presented by both petitioner and respondent indicates that the minimum parole eligibility date on petitioner's 1983 sentence has passed and petitioner is now serving at least the minimum term for his 1987 sentence. Answer, Ex. P; Exhibits Supporting Petition For Writ Of Habeas Corpus . . ., Ex. 2.

does not require that petitioner have a parole hearing that would have no bearing on whether or when petitioner will be released from prison.[3]  Based on the forgoing, it is perfectly clear that petitioner has not raised a colorable federal claim.  Therefore, petitioner's application for writ of habeas corpus should be denied despite the fact that he has not exhausted available state court remedies.[4]

In accordance with the above, IT IS HEREBY ORDERED that petitioner's October 27, 2003 "Motion To file Authorities Supplementing Traverse . . ." is granted; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

/////
/////
/////
/////
/////

---

[3] The notion that California law demands that a prisoner receive a parole release date, although not actually released from prison prior to beginning service of a consecutive sentence, is not entirely without legal support.  See In re Thomspon, 172 Cal.App.3d 256 (5th Dist. 1985). The facts of Thompson are not analogous to this case, as the petitioner in Thompson served an indeterminate sentence followed by a consecutive determinate sentence. Id. at 258.  Moreover, even though the state Supreme Court denied review, there is no indication that Thompson articulates a mandatory state policy with regard to assigning of parole release dates, particularly after passage of California's Determinate Sentencing Law in 1977.

[4] In light of the foregoing, the court need not reach respondent's second argument, that petitioner's habeas application is barred by the applicable statute of limitations.  See 28 U.S.C. § 2244(d)(1)(D).

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1/clar0709.157(b)